UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **HEATH RIDER, ET AL.** | * | **CIVIL ACTION NO. 08-0980** |
| **VERSUS** | * | **JUDGE JAMES** |
| **O. F. MOSSBERG & SONS, INC.** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Before the court is plaintiffs' motion for leave of court to file their first amended and supplemental complaint. [doc # 6].[1]

## Law

Leave to amend shall be "freely [granted] when justice so requires." Fed.R.Civ.P. 15(a). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court. . . ." *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir.1998). Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because FED. R. CIV. P. 15 (a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. Nov. 1981)). A district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel*

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

*Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)(citation omitted).

In deciding whether to grant a party leave to amend, the court considers the following factors: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig, supra* (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)(citing, *Foman*, 371 U.S. at 182).

## Discussion

On July 10, 2008, Heath Rider and his wife, Angela Rider, filed the above-captioned products liability action against O. F. Mossberg & Sons, Inc. ("Mossberg") for damages that they sustained when a MOSSBERG 100 ATR 30-06 rifle exploded in Heath's face.

On November 21, 2008, plaintiffs filed the instant motion for leave of court to amend their complaint to add loss of consortium claims on behalf of their two minor children and to join two additional defendants, Maverick Arms, Inc. ("Maverick") and Federal Cartridge Company, Inc. ("Federal"). Defendant, Mossberg, does not oppose the amendment insofar as it seeks to add the loss of consortium claims or to join the ammunition manufacturer, Federal. (Opp. Memo., pg. 3). However, Mossberg opposes the joinder of its sister corporation, Maverick, on the sole grounds that its joinder is unnecessary or futile.

A proposed amended complaint is "futile" if it fails to state a claim upon which relief can be granted. *Stripling v. Jordan Production Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000). In assessing futility, the court applies the same standard as in a Fed.R.Civ.P. 12(b)(6) motion. *Id*. Thus, "[t]he question therefore is whether in the light most favorable to the plaintiff and with

every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id*. (citations omitted).

Here, there is no question that plaintiffs' proposed pleading asserts a claim against Maverick. Plaintiffs allege that Maverick assembled or constructed the rifle, including the suspect bolt assembly and bolt assembly pin. (1st Amend. & Suppl. Compl., ¶¶ 85, 88, 91). Plaintiffs further allege that Maverick received Mossberg 100 ATR rifles for repair, but that Maverick subsequently destroyed the repair records. *Id*. at ¶¶ 94, 101. Plaintiffs contend that Maverick is liable for spoliation. *Id*. at ¶ 105.

Mossberg's response is two-fold. First it argues that as the manufacturer of the rifle, it is responsible for any defects in the component parts. While there certainly may be some overlap in Mossberg and Maverick's responsibility, that does not change the fact that the petition alleges claims that, if proven, would entitle plaintiff to recover against Maverick. Indeed, in today's economy, plaintiffs would be remiss in failing to join a distinct corporation such as Maverick.

Mossberg next argues that Maverick did not design or manufacture the 100 ATR rifles and did not repair the subject rifle in question. This assertion, however, contradicts the factual allegations contained in plaintiffs' proposed pleading, which at this stage must be accepted as true. If it turns out that there was no reasonable factual basis for the allegations against Maverick, then the court may always entertain sanctions, if appropriate.

Accordingly, plaintiffs' motion for leave of court to file their first amended and supplemental complaint [doc. # 6] is hereby GRANTED.[2]

---

[2] The Clerk of Court is instructed to file the proposed amended pleading contained in doc. # 12. Plaintiffs amended their proposed pleading to properly establish diversity jurisdiction. *See*, December 18, 2008, Order [doc. # 11].

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 23rd day of December 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE